CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 13 2018

JULIA C. DUDLEY, CLERK
BY /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARYLL SHUMAKE,<br>Plaintiff, | Civil Action No. 7:18-cv-00161 |
| v. | **MEMORANDUM OPINION** |
| THE COMMONWEALTH OF VIRGINIA,<br>Defendant. | By: Hon. Michael F. Urbanski<br>Chief United States District Judge |

Daryll, Shumake, a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. §§ 1983 and 2601, et seq., by no earlier than April 4, 2018. The court dismisses the action for Plaintiff's failure to prepay the filing fee in accordance with 28 U.S.C. § 1915(g).

Plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim before filing this action. See, e.g., Shumake v. Commonwealth of Virginia, No. 7:17cv214, 2017 U.S. Dist. LEXIS 101686 (W.D. Va. June 29, 2017) (dismissal without prejudice as frivolous); Shumake v. Smith, No. 7:12cv174, 2012 U.S. Dist. LEXIS 54521 (W.D. Va. Apr. 18, 2012) (dismissal with prejudice for failing to state a claim); Shumake v. Bon Secours Maryview Med. Ctr., No. 1:07cv27, 2007 U.S. Dist. LEXIS 97383 (E.D. Va. Mar. 28, 2007) (dismissal with prejudice for failing to state a claim); Shumake v. Harvey, No. 7:05cv802, 2006 U.S. Dist. LEXIS 97572 (W.D. Va. Jan. 9, 2006) (dismissal with prejudice for failing to state a claim); Shumake v. Wallens Ridge State Prison, No. 7:05cv708, 2005 U.S. Dist. LEXIS 46596 (W.D. Va. Nov. 29, 2005) (dismissal with prejudice for failing to state a claim); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding a "strike" dismissal is counted regardless to the timing of a subsequent appeal); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (declining to consider dismissals without prejudice for frivolousness as exempted from 28 U.S.C. § 1915(g)).

It is clear that Plaintiff's submissions do not show that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). See, e.g., Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (noting the prisoner must be seeking relief from a danger that is imminent at the time of filing the complaint). The complaint concerns medical treatment and conditions of confinement at River North Correctional Center in January 2017, but Plaintiff is presently housed at Wallens Ridge State Prison. An allegation about a past harm is insufficient to meet the imminent danger exception. See, e.g., Abdul-Akbar v. McKelvie, 239 F.3d 307, 314-15 (3d Cir. 2001). "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff's speculation, based on a fall at a different prison more than a year ago, that he could sustain a "significant injury" if he falls in the future does not indicate an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. See, e.g., Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Plaintiff cannot rely on vague, speculative, or conclusory allegations to establish imminent danger. See, e.g., id.

Accordingly, the court dismisses the action without prejudice for Plaintiff's failure to pay the filing fee upon filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

ENTER: This 12th day of April, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge